MUNROE AND ROE *against* COLLIN EASTON.

A drawer of a bill which has been accepted, is not responsible, until after a default of the acceptor, and the holder must use due diligence to demand payment of the acceptor before he can resort to the drawer.

The indorsee of a bill of exchange, which had been accepted, without demanding payment of the acceptor, or inquiring after the drawer, presented the bill, when it became due, to the payee indorser, who paid it, and charged the amount in his account against the acceptor. The payee afterwards brought an action against the drawer, for so much money paid to the use of the drawer, and offered the bill in evidence in support of the action ; it was held that the drawer was not liable.

THIS was an action of *indebitatus assumpsit*, for money

paid, laid out and expended for the defendant, and for money had and received by him to the use of the plaintiff.

At the trial, in support of his action, the plaintiff gave in evidence a bill of exchange, dated the 27th of April, 1797, drawn by the defendant on David Easton, of Philadelphia, directing him to pay, four months after date, to the plaintiffs, or their order, 750 dollars. The bill was indorsed by [*76]   *the plaintiffs, and, successively, by J. P. Mumford, J. Lawrence, P. Ludlow, and A. H. Lawrence. It was accompanied with a protest, in which the notary stated, that at the request of the last indorser, he presented the bill at the house of the plaintiffs, the first indorsers, and demanded payment of a clerk of the plaintiffs, who answered that the plaintiffs were absent, and that he had no orders to pay the bill. The notary was not requested to call on the defendant, nor did he make any inquiries after him.

The plaintiffs were friendly indorsers of the bill, for the accommodation of the drawer, and had no interest in it, and they paid the amount to the holder. The bill was accepted by the drawee, who resided in Philadelphia, and when the bill became due, the defendant was absent, in the West Indies. No demand was made of the acceptor of the bill when it became due.

An account current between the acceptor and his partner, James Cavan, and the plaintiffs was produced, in which the plaintiffs had charged the bill in question to them; and a letter from the plaintiffs to Easton and Cavan, inclosing the account, and requesting payment of the balance, was also produced.

The jury found a verdict for the plaintiffs, contrary to the charge of the judge.

A motion was made, at the last term, to set aside the verdict, and for a new trial.

*Pendleton*, for the plaintiffs.

*B. Livingston* and *Eacker*, for the defendant.

KENT, J. delivered the opinion of the court. I have always understood the law to be well settled, that the drawer of a bill is only responsible after a default on the part of the

acceptor ; and that the holder must first demand payment, or use due diligence to demand it of the acceptor, before he can resort to the drawer. (2 Burr. 674.) Nothing of this kind having been done in the present case, I consider the drawer as discharged. No change in the form of the *action can alter the respective rights of the parties in    [*77] relation to the bill. This must be considered as a suit by the payee of a bill of exchange against the drawer, and the law is too well settled to admit of a doubt.

If this was to be considered on the ground of an equitable action for money laid out and expended to another's use, and had no reference to the bill, yet the evidence in the case shows that the money was advanced for the use of the acceptor, and not of the drawer. The letter and the account current of the plaintiffs is decisive proof against them.

The verdict, therefore, ought to be set aside, as against law and evidence.

New trial granted.(a)

(a) Mr. Justice Story, in his Commentaries on Bills of Exchange, remarks " the contract of the acceptor, by his acceptance, is, that he will pay the bill, upon due presentment thereof, at its maturity, or its becoming due. The contract of the drawer, and of the indorsers also, respectively is, not only, that the bill shall be duly accepted, but, that the bill shall be duly paid by the acceptor, upon due presentment for payment ; and, if not then paid, and due protest is made, and due notice of dishonor is given to them respectively, they will, upon demand, pay the bill, and also the damages and expenses accruing to the holder thereby. It is obvious, from this statement, that, while the contract of the acceptor, is absolute, that of the drawer and indorsers is conditional." Story on Bills, § 323, id. 113, 108, 109. Chitty on Bills, ch. 9, p. 384, 385, 8th ed. 1833. 1 Bell Comm. B. 3, ch. 2, § 4, p. 409, 5th ed.